Burke, J.
 

 In this appeal from an order of the Appellate Division, Second Department, which affirms an order of Special Term annulling a special assessment made by the Village Board of Trustees of the Village of Greenwood Lake, the question is presented whether the village was justified in extending the water system into private streets in which easements were given to the village for the limited purpose “of laying water mains or re-laying or repairing the same, to be used in connection with a municipal water system ’ ’ and levying an assessment therefor against the abutting property owners.
 

 The circumstances are not in dispute. The property owned by the respondent, Werner Buff, consists of seven lots shown on a map of Cascade Park which is a private subdivision in the Village of Greenwood Lake. The village constructed and extended a water main along the street on which the lots of the respondent abut and the village assessed as respondent’s proportionate share an amount of $150 per lot.
 

 In the proceeding under article 78 of the Civil Practice Act, and under article 13 of the Tax Law, the petitioner claimed that the assessment against his property was illegal for three reasons: (1) consents to the construction and extension of the water main had not been obtained by the village from at least 75% of the owners of property affected in number and value according to the last assessment; (2) the construction and extension of the water system was made on a private road which had not become a public street either by dedication or by prescription; (3) the construction and extension of the water system into the road in Cascade Park could serve no useful purpose, was a wasteful and improvident act, and created no benefit to abutting property owners or to the respondent, since Cascade Park was a summer development and it already had a summer water system which had been installed by the developer and there was no reason for having a year-round water system.
 

 The appellant village stipulated that the water mains had been laid in a private street in which the Village of Greenwood
 
 *605
 
 Lake had no rights for highway purposes acquired by prescription or any general street easement by prescription over said street. The easements in the private streets were given to the village by persons purporting to be the owners of the private street for the limited purpose “ of laying water mains or re-laying or repairing the same, to be used in connection with a municipal water system ”.
 

 Special Term did not receive evidence on the factual issues raised by two contentions advanced by the respondent, namely, whether the required consents of property owners had been obtained and whether the construction and extension of the water system created any benefit for abutting property owners.
 

 Special Term held in favor of the petitioner Buff on the sole ground that the village did not have the power to assess costs against owners of adjoining lands benefited where services are installed in private streets in which a village has acquired easements. The court held that before the village could validly make an assessment it must prove that
 
 the improvements benefited property abutting on a public street.
 
 We think that such an interpretation disregards the plain meaning of the language of the statute practically construed.
 

 The village purported to act under section 224 of the Village Law. A problem of statutory construction is thus presented.
 

 Section 224 grants a broad power. It states that
 
 “
 
 A system of water works acquired or established under this article shall be under the control and supervision of the board of water commissioners. The board shall keep it in repair and may, from time to time, extend the mains or distributing pipes within the village * # *. The board of water commissioners may determine that the cost of extending the mains or distributing pipes, as herein provided, shall be borne wholly by the village,
 
 or wholly by the owners of land benefited or abutting on the streets on which said work is done,
 
 or partly at the expense of each.” (Italics supplied.)
 

 The petitioner Buff concedes that a municipality in constructing a water system may resort at times to the use of private property by means of easements for the extension of the system of water works. This concession is proper because the board is authorized by the statute to extend the system without restriction within the village limits. The only test, we find, in the
 
 *606
 
 language of the statute is whether property is, in fact, benefited by the improvement. It is true that the receipt of benefits is a prerequisite to the valid imposition of the assessment. But it is clear beyond cavil that land abutting on a street in which mains or distributing pipes are laid is benefited thereby. Consequently, even though the words “ or ” and “ and ” are interchangeable when the sense of a statute requires it, here the conjunction “ or” between the words “benefited” and “abutting” was not used in this statute in the sense of “ and ”. The benefited property is classified as abutting on the improvement and properties benefiting from the improvement.
 

 The word “ street ” then is used in this statute not to describe that which has been improved, but merely for the purpose of locating the mains or pipes so that the benefit area can be determined in relation to the location of the mains and pipes.
 

 Generally municipalities have wide discretion in the establishment and maintenance of improvements (see 13 McQuillin, Municipal Corporations [3d ed., 1950], § 37.25, p. 93
 
 et seq.).
 
 As the Legislature did not confine the installation or extension of mains or distributing pipes to public or dedicated streets, the municipality, in the absence of a clear prohibition, has the right to assess the costs against property benefited by the extension of the water system through private property occupied under easements.
 

 Since Special Term has not decided whether or no there was in fact any benefit to the respondent and other factual issues, the order of the Appellate Division should be reversed, with costs in all courts, and the matter remitted to Special Term to determine the factual issues raised by the petition and answer.
 

 Chief Judge Conway and Judges Desmond, Dye, Fuld, Froessel and Van Voorhis concur.
 

 Order reversed, with costs in all courts, and matter remitted to Special Term for further proceedings in accordance with the opinion herein.